| | |
|---|---|
| LETICIA WOODS, ELAINE BONIN,<br>MANDY CERVENY, JEFFREY MERKOVICH,<br>WENDY UNTERSHINE, Individually and on<br>Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br>    v.<br><br>PRA GROUP INC. and PORTFOLIO<br>RECOVERY ASSOCIATES, LLC,<br><br>        Defendants. | Case No.: 18-cv-1724<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.     This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337.  Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.     Plaintiff Leticia Woods is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.     Plaintiff Elaine Bonin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5.     Plaintiff Mandy Cerveny is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

6. Plaintiff Jeffrey Merkovich is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

7. Plaintiff Wendy Untershine is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

8. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from them debts allegedly incurred for personal, family, or household purposes.

9. Defendant PRA Group, Inc. is a debt collection agency with its principal offices located at 120 Corporate Blvd., Norfolk, VA 23502.

10. Upon information and belief, the entity named "Portfolio Recovery Associates, LLC" is a wholly owned subsidiary of PRA Group, Inc., and its principal offices are also located at 120 Corporate Blvd., Norfolk, VA 23502.

11. Upon information and belief, PRA Group, Inc. purchases and owns consumer debts and Portfolio Recovery Associates, LLC collects those debts on PRA's behalf. Hereafter, both entities will be referred to collectively as "PRA."

12. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

13. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6)

2

(emphasis added); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 370-71 (3d Cir. 2018); *see also., Barbato v. Greystone All., LLC*, Civil Action No. 3:13-2748, 2017 U.S. Dist. LEXIS 189994, at *24-30 (M.D. Pa. Nov. 16, 2017); *Tepper v. Amos Fin., LLC*, No. 15-cv-5834, 2017 U.S. Dist. LEXIS 127697, at *20-22 (E.D. Pa. Aug. 9, 2017), *aff'd.*, 898 F.3d 364 ("the statute provides two possible paths for a plaintiff to prove that a particular defendant is a 'debt collector.' Subject to certain exceptions not relevant here, the defendant will be a debt collector if either (1) its 'principal purpose . . . is the collection of any debts,' or (2) it 'regularly collects or attempts to collect . . . debts owed or due . . . another.'"); *Chenault v. Credit Corp Sols.*, 2017 U.S. Dist. LEXIS 197747, at *4-6 (E.D. Pa. Dec. 1, 2017); *Kurtzman v. Nationstar Mortg. LLC*, No. 16 17236, 2017 U.S. App. LEXIS 19750, at *6-7 (11th Cir. Oct. 10, 2017); *Skinner v. LVNV Funding LLC*, 2018 U.S. Dist. LEXIS 2812, at *7-8 (N.D. Ill. Jan 8, 2018); *Mitchell v. LVNV Funding LLC*, 2017 U.S. Dist. LEXIS 206440, at *7-12 (N.D. Ind. Dec. 15, 2017); *Skibbe v. U.S. Bank Trust, N.A.*, 2018 U.S. Dist. LEXIS 24581, at *13-14 (Feb. 15, 2018).

14.     The primary purpose of PRA's business, and PRA's principal purpose, is the collection of consumer debts. PRA's 2016 Form 10-K states:

> Our primary business is the purchase, collection and management of portfolios of nonperforming loans that have been charged-off by the credit grantor. The accounts we acquire are primarily the unpaid obligations of individuals owed to credit grantors, which include banks and other types of consumer, retail, and auto finance companies. We acquire portfolios of nonperforming loans in two broad categories: Core and Insolvency. Our Core operation specializes in purchasing and collecting receivables. Because the credit grantor and/or other debt servicing companies have unsuccessfully attempted to fully collect these receivables, we are able to purchase them at a substantial discount to their face value. Our Insolvency operation consists primarily of purchasing and collecting accounts that are involved in a Chapter 13 bankruptcy proceeding from credit grantors based in the U.S, but also includes the purchasing and collecting of insolvent accounts in Europe and Canada.

3

*Available at* https://www.sec.gov/Archives/edgar/data/1185348/000118534816000067/praa-20151231x10k.htm.

15. PRA is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts.

16. PRA is also engaged in the business of a collection agency under Wisconsin law, in that it purchases and receives assignment of consumer debts that are in default at the time PRA acquires them.

17. A company meeting the definition of a "debt collector" (here, PRA Group, Inc.) is vicariously liable for the actions of a second company collecting debts on its behalf (i.e. Portfolio Recovery Associates, LLC). *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

18. PRA is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Facts Related to Plaintiff Woods*

19. On or about November 2, 2017, PRA mailed a debt collection letter to Plaintiff Woods regarding an alleged debt owed to "Portfolio Recovery Associates, LLC" and originally owed to "CAPITAL ONE BANK (USA) N.A." A copy of this letter is attached to this complaint as Exhibit A.

20. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, used only for personal, family, or household purposes.

21. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff Woods inserted by computer.

4

22.     Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, used by PRA to attempt to collect alleged debts.

23.     <u>Exhibit A</u> states: "This letter is to confirm your authorization on 10/31/2017 of recurring payments from you debit card ending in 7796."

24.     <u>Exhibit A</u> also states:

> ***PLEASE NOTE: Any changes to the authorized arrangements must be made at least 72 hours prior to the scheduled date by contacting one of our representatives by phone at 1-800-772-1413 during our hours of operation.***

25.     The statement: "Any changes to the authorized arrangements must be made at least 72 hours prior to the scheduled date and by contacting one of our representatives by phone…" is false, deceptive, and misleading to the unsophisticated consumer. *See, e.g.*, *Williams v. NCB Mgmt. Servs.*, 2018 US Dist. LEXIS 111063 (N.D. Ill. July 3, 2018); *Koval v Harris & Harris, Ltd.*, 2017 U.S. Dist. LEXIS 53124 (N.D. Ill. Apr. 5, 2017).

26.     Under the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*., Plaintiff Woods could have cancelled her pre-authorized payment by contacting her bank directly by telephone or in writing.

27.     Specifically, 15 U.S.C. § 1693e(a) provides: "A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer." *See also* 12 C.F.R. § 205.10(c)(1) ("Regulation E").

28.     By stating: "Any changes to the authorized arrangements must be made at least 72 hours prior to the scheduled date and by contacting one of our representatives by phone," <u>Exhibit A</u> falsely indicates that the only way Plaintiff Woods could cancel her preauthorized

5

electronic fund transfer was to contact PRA directly by phone rather than contact her bank by phone or in writing.

29.     In *Williams*, a court in the Northern District of Illinois held that allegations that similar language violated the FDCPA stated a claim:

> [I]t is plausible that an unsophisticated debtor—who would be unaware that Regulation E permits her to cancel the payments by calling her bank—would conclude that the sole means of cancellation listed in the letter (calling NCB) is the only one available.

*Williams*, 2018 US Dist. LEXIS 111063 at *5.

30.     Furthermore, the debt collection letter at issue in *Williams* stated: "You ***may*** cancel this Authorization by calling us toll free at the listing on the front of this letter at least three business days before you wish the cancellation to be effective." *Id*. at *2. (emphasis added).

31.     Conversely, Exhibit A states: "Any changes to the authorized arrangements ***must*** be made at least 72 hours prior to the scheduled date and by contacting one of our representatives by phone." (emphasis added).

32.     Plaintiff Woods was confused and misled by Exhibit A.

33.     The unsophisticated consumer would be confused and misled by Exhibit A.

34.     Plaintiff Woods had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

### *Facts Related to Plaintiff Bonin*

35.     On or about December 1, 2017, PRA mailed a debt collection letter to Plaintiff Bonin regarding an alleged debt owed to "PORTFOLIO RECOVERY ASSOCIATES, LLC" and originally owed to "CAPITAL ONE BANK (USA) NA." A copy of this letter is attached to this complaint as Exhibit B.

6

36.    Upon information and belief, the alleged debt referenced in Exhibit B was incurred by use of a credit card, used only for personal, family, or household purposes.

37.    Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff Bonin inserted by computer.

38.    Upon information and belief, Exhibit B is a form debt collection letter, used by PRA to attempt to collect alleged debts.

39.    Upon information and belief, Exhibit B was the first written communication Plaintiff Bonin received from PRA regarding the alleged debt referenced in Exhibit B.

40.    Exhibit B contains the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

41.    Exhibit B additionally contains the following text:

> **DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
> **DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

42.    The instruction in Exhibit B that the consumer may "Call 1-800-772-1413," to communicate "DISPUTES" is false, deceptive, misleading, and confusing to the unsophisticated consumer because it contradicts, overshadows, and confuses the debt validation notice stated in Exhibit B, and encourages the consumer to forego her verification rights by communicating disputes orally rather than in writing.

43.    15 U.S.C. § 1692g(a)(4) states:

(a) Notice of debt; contents

7

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> …
>
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

44.    To trigger verification rights, the debtor must provide the debt collector with written notification that there is a dispute. 15 U.S.C. § 1692g(a)(4); *see Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 347-48 (7th Cir. 2018) (oral disputes do not entitle consumers to verification rights, including "the ultimate power vis-à-vis debt collectors: the power to demand cessation of all collection activities"); *see also McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. July 8, 2003) ("If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.") (citing *Fasten v. Zager*, 49 F. Supp. 2d 144, 149 (E.D.N.Y. May 20, 1999)).

45.    Upon receiving a *written* dispute from the consumer within the 30-day debt validation period, the FDCPA requires the debt collector to contact the creditor and obtain verification of the debt before conducting any further collection efforts. 15 U.S.C. § 1692g(b):

**(b) Disputed debts**

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this

8

subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

46.     Congress adopted a specific FDCPA dispute procedure in 15 U.S.C. § 1692g "to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Majeski v. I.C. Sys.*, 2010 U.S. Dist. LEXIS 1830, at *22 n.6 (quoting *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

47.     Courts within the Seventh Circuit and throughout the country have found that a debt collector overshadows the debtor's statutory validation rights by directing consumers to dispute their debts by telephone. *See Laniado v. Certified Credit & Collection Bureau*, 705 Fed. Appx. 87 (3d Cir. 2017) (unpublished) (holding the inclusion of the statement "SHOULD THERE BE ANY DISCREPANCY PLEASE CALL TOLL FREE" in a collection letter sent within the 30-day validation period overshadows the validation notice); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991) (holding the inclusion of the statement "PHONE US TODAY" in an initial collection letter to overshadow the validation notice."); *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 152 (3d Cir. 2013) (reversing dismissal of the plaintiff's overshadowing claims, because the letter at issue "can be reasonably read to have two or more different meanings, one of which is inaccurate, i.e., that [the plaintiff] could dispute the debt by making a telephone call."); *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 417 (7th Cir. 2005); *Seplak by Seplak v. IMBS, Inc.*, 1999 U.S. Dist. LEXIS 2106, 1999 WL 104730 (N.D Ill. February 23, 1999); *Flowers v. Accelerated Bureau of Collections*,

9

1997 U.S. Dist. LEXIS 3354, 1997 WL 136313 (N.D. Ill. March 13, 1997); *Stebbins v. Allied Account Servs.*, 1991 U.S. Dist. LEXIS 21778, *7 (D. Conn. September 9, 1991); *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 726 (D. Conn. 1990); *Gaetano v. Payco of Wisconsin*, 774 F. Supp. 1404, 1411-12 (D. Conn. 1990); *Garrett v. Credit Bureau of Carbon County d/b/a Collection Center, Inc.*, 2018 Colo. App. LEXIS 1447 (Col. Ct. App. Oct. 18, 2018).

48.     Exhibit B confusingly directs the consumer to notify PRA of disputes by telephone or in writing. Such directions overshadow the validation notice by falsely indicating to the consumer that oral disputes are equivalent to written disputes.

49.     Plaintiff Bonin was confused and misled by Exhibit B.

50.     The unsophisticated consumer would be confused and misled by Exhibit B.

51.     Plaintiff Bonin had to spend time and money investigating Exhibit B, and the consequences of any potential responses to Exhibit B.

### *Facts Related to Plaintiff Cerveny*

52.     On or about February 2, 2018, PRA mailed a debt collection letter to Plaintiff Cerveny regarding an alleged debt owed to "PORTFOLIO RECOVERY ASSOCIATES, LLC" and originally owed to "CAPITAL ONE BANK (USA) NA." A copy of this letter is attached to this complaint as Exhibit C.

53.     Upon information and belief, the alleged debt referenced in Exhibit C was incurred by use of a credit card, used only for personal, family, or household purposes.

54.     Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff Cerveny inserted by computer.

55.     Upon information and belief, Exhibit C is a form debt collection letter, used by PRA to attempt to collect alleged debts.

10

56.     Upon information and belief, Exhibit C was the first written communication Plaintiff Cerveny received from PRA regarding the alleged debt referenced in Exhibit C.

57.     Exhibit C contains the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

58.     Exhibit C additionally contains the following text:

> **DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
> **DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

59.     The instruction in Exhibit C that the consumer may "Call 1-800-772-1413," to communicate "DISPUTES" is false, deceptive, misleading, and confusing to the unsophisticated consumer because it contradicts, overshadows, and confuses the debt validation notice stated in Exhibit C, and encourages the consumer to forego her verification rights by communicating disputes orally rather than in writing.

60.     Plaintiff Bonin was confused and misled by Exhibit C.

61.     The unsophisticated consumer would be confused and misled by Exhibit C.

62.     Plaintiff Bonin had to spend time and money investigating Exhibit C, and the consequences of any potential responses to Exhibit C.

### *Facts Related to Plaintiff Merkovich*

63.     On or about February 4, 2018, PRA mailed a debt collection letter to Plaintiff Merkovich regarding an alleged debt owed to "PORTFOLIO RECOVERY ASSOCIATES, LLC" and originally owed to "CAPITAL ONE BANK (USA) NA." A copy of this letter is attached to this complaint as Exhibit D.

11

64. Upon information and belief, the alleged debt referenced in Exhibit D was incurred by use of a credit card, used only for personal, family, or household purposes.

65. Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Merkovich inserted by computer.

66. Upon information and belief, Exhibit D is a form debt collection letter, used by PRA to attempt to collect alleged debts.

67. Upon information and belief, Exhibit D was the first written communication Plaintiff Merkovich received from PRA regarding the alleged debt referenced in Exhibit D.

68. Exhibit D contains the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

69. Exhibit D additionally contains the following text:

> DISPUTES: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
> DISPUTES E-MAIL ADDRESS: PRA_Disputes@portfoliorecovery.com

70. The instruction in Exhibit D that the consumer may "Call 1-800-772-1413," to communicate "DISPUTES" is false, deceptive, misleading, and confusing to the unsophisticated consumer because it contradicts, overshadows, and confuses the debt validation notice stated in Exhibits 5, and encourages the consumer to forego her verification rights by communicating disputes orally rather than in writing.

71. Plaintiff Merkovich was confused and misled by Exhibit D.

72. The unsophisticated consumer would be confused and misled by Exhibit D.

12

73.     Plaintiff Merkovich had to spend time and money investigating Exhibit D, and the consequences of any potential responses to Exhibit D.

*Facts Related to Plaintiff Untershine*

74.     On or about February 6, 2018, PRA mailed a debt collection letter to Plaintiff Untershine regarding an alleged debt owed to "PORTFOLIO RECOVERY ASSOCIATES, LLC" and originally owed to "SYNCHRONY BANK" and associated with Plaintiff's "OLD NAVY" store-branded credit account. A copy of this letter is attached to this complaint as Exhibit E.

75.     Upon information and belief, the alleged debt referenced in Exhibit E was incurred for personal, family, or household purposes, including purchases of household goods and clothing from Old Navy stores.

76.     Upon information and belief, Exhibit E is a form letter, generated by computer, and with the information specific to Plaintiff Untershine inserted by computer.

77.     Upon information and belief, Exhibit E is a form debt collection letter, used by PRA to attempt to collect alleged debts.

78.     Upon information and belief, Exhibit E was the first written communication Plaintiff Untershine received from PRA regarding the alleged debt referenced in Exhibit E.

79.     Exhibit E contains the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to provide along with their initial communications:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

13

80. <u>Exhibit E</u> contains the following:

DISPUTES: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
DISPUTES E-MAIL ADDRESS: PRA_Disputes@portfoliorecovery.com

81. On or about February 13, 2018, PRA mailed another debt collection letter to Plaintiff Untershine regarding the same alleged debt owed to "PORTFOLIO RECOVERY ASSOCIATES, LLC," and allegedly originally owed to "SYNCHRONY BANK" and associated with Plaintiff's "OLD NAVY" store-branded credit account. A copy of this letter is attached to this complaint as <u>Exhibit F</u>.

82. Upon information and belief, <u>Exhibit F</u> is a form letter, generated by computer, and with the information specific to Plaintiff Untershine inserted by computer.

83. Upon information and belief, <u>Exhibit F</u> is a form debt collection letter, used by PRA to attempt to collect alleged debts.

84. <u>Exhibit F</u> contains the following:

DISPUTES: Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
DISPUTES E-MAIL ADDRESS: PRA_Disputes@portfoliorecovery.com

85. The instruction in <u>Exhibits E & F</u> that the consumer may "Call 1-800-772-1413," to communicate "DISPUTES" is false, deceptive, misleading, and confusing to the unsophisticated consumer because it contradicts, overshadows, and confuses the debt validation notice stated in <u>Exhibit E</u>, and encourages the consumer to forego her verification rights by communicating disputes orally rather than in writing.

86. Furthermore, <u>Exhibit F</u> confusingly directs the consumer to notify PRA about disputes without reference to the validation notice included in <u>Exhibit E</u>, which was sent approximately one week earlier.

14

87.     The overshadowing effect is compounded in the "follow-up" because Exhibit F does not reference the debtor's validation rights or explain the effect of disputing the debt orally or in writing. *Velazquez v. Fair Collections & Outsourcing, Inc.*, 2013 U.S. Dist. LEXIS 124895, at *17-22 ("the absence of a reprinted validation notice or reference to the debtor's right to request validation, combined with the specific text of a second letter, can create impermissible overshadowing or contradiction."); *see also, e.g.*, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark*, LLC, 214 F.3d 872, 875 (7th Cir. 2000) ("to authorize debt collectors to comply orally would be just an invitation to the sort of fraudulent and coercive tactics in debt collection that the Act aimed (rightly or wrongly) to put an end to.").

88.     Plaintiff Untershine was confused and misled by Exhibits E & F.

89.     The unsophisticated consumer would be confused and misled by Exhibits E & F.

90.     Plaintiff Untershine had to spend time and money investigating Exhibits E & F, and the consequences of any potential responses to Exhibits E & F.

### THE FDCPA

91.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin.*

15

*LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same);

*see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

92. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

93. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

94. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

95. 15 U.S.C. § 1692f generally prohibits "any unfair or unconscionable means to collect or attempt to collect any debt."

96. 15 U.S.C. § 1692g states:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

17

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added)

97.     15 U.S.C. § 1692g(b) states, in part, that "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

98.     The Seventh Circuit has held that a debt collector must disclose the debtor's rights to obtain verification in a non-confusing manner, and must ensure its representations to debtors do not contradict the validation notice. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) ("the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude.").

99.     The false statement or implication during the thirty-day validation period that a dispute communicated by telephone is equivalent to a dispute communicated in writing is a material false statement. *E.g., Flowers v. Accelerated Bureau of Collections, Inc.*, 1997 U.S. Dist. LEXIS 6070, *7-9 (N.D. Ill. Apr. 29, 1997).

18

## COUNT I - FDCPA

100.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

101.    Count I is brought on behalf of Plaintiff Wood.

102.    By stating: "Any changes to the authorized arrangements must be made at least 72 hours prior to the scheduled date and by contacting one of our representatives by phone," Exhibit A is false, deceptive, and misleading because Plaintiff Wood could have cancelled her pre-authorized payment by contacting her bank within less than 72 hours prior to the scheduled date of payment.

103.    Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT II - FDCPA

104.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

105.    Count II is brought on behalf of Plaintiffs Bonin, Cerveny, Merkovich, and Untershine.

106.    By representing that the consumer may effectively communicate their dispute by telephone, Exhibits B, C, D, & E contradict and overshadow the disclosure of the consumer's rights to obtain verification of the debt and the name and address of the original creditor.

107.    Exhibits B, C, D, & E are likewise misleading because the letters imply that a consumer may effectively communicate a dispute by telephone rather than in writing.

108.    Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692g(a)(4), 1692g(a)(5), and 1692g(b).

19

## COUNT III - FDCPA

109.   Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint

110.   Count III is brought on behalf of Plaintiff Untershine.

111.   By representing that the consumer may effectively communicate their dispute by telephone, Exhibit F contradicts and overshadow the disclosure of the consumer's rights to obtain verification of the debt and the name and address of the original creditor, which were included in PRA's previous letter sent to Plaintiff less than 30 days prior.

112.   Exhibit F is likewise misleading because the letters imply that a consumer may effectively communicate a dispute by telephone rather than in writing.

113.   Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692g(a)(4), 1692g(a)(5), and 1692g(b).

## CLASS ALLEGATIONS

114.   Plaintiff brings this action on behalf of three prospective classes.

115.   Class I consists of (a) all natural persons who reside in the state of Wisconsin, (b) to whom Defendants mailed a collection letter in the form of Exhibit A to the Complaint in this Action, (c) regarding an alleged debt which was incurred for personal, family, or household purposes, (d) between October 30, 2017 and October 30, 2018, inclusive, (e) not returned by the postal service. Plaintiff Wood is the designated representative for Class I.

116.   Class II consists of (a) all natural persons in the state of Wisconsin, (b) to whom Defendants mailed a collection letter in the form of Exhibits B, C, and/or D to the Complaint in this Action, (c) regarding an alleged debt which was incurred for personal, family, or household purposes, (d) between October 30, 2017 and October 30, 2018, inclusive, (e) not returned by the

20

postal service. Plaintiffs Bonin, Cerveny, and Merkovich are the designated representatives for Class II.

117. Class III consists of (a) all natural persons in the state of Wisconsin, (b) to whom Defendants mailed a collection letter in the form of <u>Exhibit F</u> to the Complaint in this Action, (c) where the letter in the form of <u>Exhibit F</u> was mailed fewer than thirty days after the letter Defendant mailed Plaintiff a collection letter which included the validation notice and sought to collect the same alleged debt, (d) which was incurred for personal, family or household services, (e) and where the second letter was mailed between October 30, 2017 and October 30, 2018, inclusive, (f) and neither letter was returned by the postal service. Plaintiff Untershine is the designated representative for Class III.

118. Each Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

119. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the letters at issue violate the FDCPA and WCA.

120. Plaintiffs' claims are typical of the claims of the members of each Class. All are based on the same factual and legal theories.

121. Plaintiffs will fairly and adequately represent the interests of the members of each Class. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

122. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

123.     Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and

the Classes and against Defendant for:

(a)      actual damages;

(b)      statutory damages;

(c)      attorneys' fees, litigation expenses and costs of suit; and

(d)      such other or further relief as the Court deems proper.

Dated:  October 30, 2018

ADEMI & O'REILLY, LLP

By:      /s/ Mark A. Eldridge
         John D. Blythin (SBN 1046105)
         Mark A. Eldridge (SBN 1089944)
         Jesse Fruchter (SBN 1097673)
         Ben J. Slatky (SBN 1106892)
         3620 East Layton Avenue
         Cudahy, WI 53110
         (414) 482-8000
         (414) 482-8001 (fax)
         jblythin@ademilaw.com
         meldridge@ademilaw.com
         jfruchter@ademilaw.com
         bslatky@ademilaw.com